Janeth M. ROMERO, Plaintiff-
Appellant,

v.

U.S. BANK, N.A., Old Republic Default
Management Services, a Division of
Old Republic National Title Insurance
Company, as Trustee, Defendants-Ap-
pellees.

No. 16-16912

United States Court of Appeals,
Ninth Circuit.

Submitted February 13, 2018 *
San Francisco, California

Filed February 20, 2018

Charles Thomas Marshall, Charles T.
Marshall, Attorney at Law, San Diego,
CA, for Plaintiff-Appellant

Regina J. McClendon, Attorney, Xiyi
Fu, Locke Lord LLP, San Francisco, CA,
for Defendant-Appellee U.S. Bank

Namson Pham, Attorney, John Christo-
pher Steele, Esquire, Managing Litigation
Attorney, Zieve, Brodnax & Steele, LLP,
Irvine, CA, for Defendant-Appellee Old
Republic Default Management Services

Before: SCHROEDER and WATFORD,
Circuit Judges, and SESSIONS,** District
Judge.

---

* The panel unanimously concludes this case is
suitable for decision without oral argument.
See Fed. R. App. P. 34(a)(2).

** The Honorable William K. Sessions III, Unit-
ed States District Judge for the District of
Vermont, sitting by designation.

MEMORANDUM ***

1. The district court properly dismissed
Janeth Romero's First Amended Com-
plaint for failure to state a claim. Romero
alleges that U.S. Bank holds no assigned
interest in the deed of trust because the
original lender, Downey Savings & Loan
Association ("Downey"), used funds from
an undisclosed third party to finance her
loan. Relying in part on *Jackson v. Grant*,
890 F.2d 118, 121 (9th Cir. 1989), Romero
contends that no contract was consummat-
ed with Downey because the true lender
was not disclosed. While the loan docu-
ments in *Jackson* did not identify a lender,
the lender in this case was clearly stated.
Romero's reliance on *Jackson* is therefore
misplaced. None of Romero's remaining
citations provide support for the relief she
is seeking.

2. Because her allegations do not under-
mine U.S. Bank's claim to an enforceable
legal interest in the deed of trust, the
district court properly dismissed each of
Romero's five causes of action. First, there
is no plausible allegation that U.S. Bank
and Old Republic Default Management
Services ("Old Republic") misrepresented
their rights and interests. Second, Rome-
ro's claim of intentional interference with
contractual relations assumes a contract
with an undisclosed third-party lender. Al-
legations of a third-party lender are specu-
lative, and the statute of frauds would
require any such contract to be in writing.
*See* Cal. Civ. Code § 1624(a)(6). No written
contract is alleged.

Romero next claims violations of the
California Homeowner Bill of Rights, Cali-
fornia Civil Code § 2924.17, which requires

---

*** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by Ninth Circuit Rule 36-3.

that notices of default and notices of sale "shall be accurate and complete and supported by competent and reliable evidence." Cal. Civ. Code § 2924.17(a). The statute also requires a mortgage servicer to "ensure that it has reviewed competent and reliable evidence to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information." *Id.* § 2924.17(b). Because Romero has asserted no plausible claim that U.S. Bank and Old Republic lacked competent and reliable evidence of the right to foreclose, this cause of action was properly dismissed.

Romero's fourth cause of action alleges violations of California Business and Professions Code § 17200, which prohibits business practices that are unlawful, unfair, or fraudulent. We affirm dismissal of this claim, as it is predicated upon the first three causes of action.

The fifth cause of action, wrongful foreclosure, requires a specific factual basis for finding that foreclosure was initiated by the wrong party. *See Gomes v. Countrywide Home Loans, Inc.,* 192 Cal. App. 4th 1149, 1156, 121 Cal.Rptr.3d 819 (2011). Romero's pleadings fail to allege any such plausible factual basis.

3. Old Republic, as the foreclosure trustee, is entitled to a qualified privilege that requires the plaintiff to show malice. *See Kachlon v. Markowitz,* 168 Cal. App. 4th 316, 336, 85 Cal.Rptr.3d 532 (2008). The district court properly concluded that Romero failed to allege plausible facts to support a finding of malice.

4. The district court did not abuse its discretion when it dismissed without leave to amend, as further amendment would

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2)(C).

have been futile. *See Cervantes v. Countrywide Home Loans, Inc.,* 656 F.3d 1034, 1041 (9th Cir. 2011).

**AFFIRMED.**